UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. TORRES, ET AL.<br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY, ET AL.,<br>Defendants. | CASE NO. 05cv237 BTM(NLS)<br>**ORDER DENYING MOTION TO CHANGE THE NAME OF THE DEFAULTED DEFENDANT** |

Plaintiffs Michael Torres and Jarrod Harshaw have filed a motion to change the name of the defaulted defendant to include (1) Boulevard Bar & Grill, LLC, (2) Jason Simmons and Henry Simpson; (3) Boulevard Bar & Grill; and (4) San Marcos Boulevard, LLC. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

**I.  PROCEDURAL BACKGROUND**

This action arises out of the alleged assault of Plaintiffs Michael Torres ("Torres") and Jarrod Harshaw ("Harshaw") by bouncers allegedly employed by Defendant Boulevard Bar & Grill, Inc. ("BB&G Inc.") and the events that ensued.

The First Amended Complaint named as defendants "The Boulevard Bar & Grill Inc and the owners individually." On April 19, 2005, Plaintiffs filed an application for entry of default judgment against BB&G Inc., the "individual owners of the Boulevard Bar and Grill, Inc." and "Wally Simpson, Owner." On May 31, 2005, Attorney Lonnie R. Markum filed a motion to set aside default on behalf of "Boulevard Bar & Grill, LLC, and its owners, Henry Walter Simpson III and Jason Mack Simmons."

In an order filed on July 12, 2005, the Court ordered Markum to file a supplemental brief addressing the merits of Plaintiffs' claims on or before July 25, 2005. Markum did not file a supplemental brief by the deadline. In an order filed on August 24, 2005, the Court extended the time for Markum to file the supplemental papers because the Court noticed a mistake in the docketed address for Markum. Subsequently, the Court learned that Markum was no longer eligible to practice law in the state of California. Accordingly, the Court ordered BB&G Inc. to file a substitution of attorney by September 30, 2005 and a supplemental brief in support of its motion to set aside entry of default on or before October 17, 2005. The Court ordered Markum to provide BB&G Inc. with a copy of the order.

In the July 12, 2005 order, the Court also vacated the entry of default against the "individual owners of the Boulevard Bar and Grill, Inc." and Wally Simpson because the First Amended Complaint did not identify who the owners of the BB&G Inc. were and did not name Simpson specifically. The summons for BB&G Inc. was served on Simpson, but neither Simpson nor Simmons were served in their individual capacity.

BB&G Inc. did not file a substitution of attorney or a supplemental brief as directed by the Court. Consequently, in an order filed on October 31, 2005, the Court denied BB&G Inc.'s motion to set aside default and granted Plaintiffs' motion for entry of default judgment. In an order filed on January 27, 2006, the Court amended the amount of the judgment to include punitive damages.

On February 1, 2006, BB&G, Inc., through Joseph La Costa, Esq., filed an "Opposition to Modification of Judgment, Retaxing Costs and Request to Set Aside Judgment." The Court construed the request as a motion to set aside default judgment and denied the motion because BB&G, Inc. had, once again, failed to make any showing that it had a meritorious defense.

On August 23, 2006, Plaintiffs filed a Motion to Enforce Writ of Execution, or in the Alternative, to Change the Name of the Defaulted Defendant to Include Boulevard Bar & Grill, LLC ("BB&G LLC"). The Court denied the motion without prejudice on the ground that it did not have sufficient information to conclude that BB&G Inc. and BB&G LLC were one and the

same or alter egos of each other.

On February 14, 2007, Plaintiffs filed an application to have Simpson and Simmons appear for an examination, or, in the alternative, to change the name of the defaulted defendant to include BB&G LLC.  The Court denied without prejudice the application to change the name of the defaulted defendant to include BB&G LLC for the same reasons as before. Magistrate Judge Stormes ordered Simpson and Simmons to appear for a third party judgment debtor examination.  It appears that the examination did not take place.  However, Plaintiffs propounded, and Simpson and Simmons responded to, interrogatories.

On May 22, 2007, Plaintiffs filed the instant motion to change the name of the defaulted defendant to include (1) BB&G LLC; (2) Jason Simmons and Henry Simpson; (3) Boulevard Bar & Grill; and (4) San Marcos Boulevard, LLC.

## II. DISCUSSION

Plaintiffs argue that the Court should amend the judgment to include (1) BB&G LLC; (2) Jason Simmons and Henry Simpson; (3) Boulevard Bar & Grill; and (4) San Marcos Boulevard, LLC, because these individuals and entities are alter egos of BB&G Inc.

Federal Rule of Civil Procedure 69(a) permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits. Under California Code of Civil Procedure § 187, a court has the authority to amend a judgment to add additional judgment debtors.  See Issa v. Alzammar, 44 Cal. Rptr.2d 617 (1995).  Generally, a § 187 amendment requires: "(1) that the new party must be the alter ego of the old party *and* (2) the new party must have controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." Triplett v. Farmers Ins. Exchange, 24 Cal. App. 4th 1415, 1421 (1994).

In order to prevail on a claim of alter ego, it must be shown that (1) there is such a unity of interest that the separate personalities of the corporations no longer exist; and (2) inequitable results will follow if the corporate separateness is respected.  Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269 (1994).  "The injustice that allows a corporate

1 veil to be pierced is not a general notion of injustice; rather, it is the injustice that results only when corporate separateness is illusory." Katzir's Floor and Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1149 (9th Cir. 2004).  Plaintiffs have not made the required showing as to any of the individuals/entities that Plaintiffs seek to add as judgment debtors.

Plaintiffs point to the facts that BB&G Inc. never issued stock and has a suspended business license.  However, these facts are consistent with Simpson and Simmons' claim that although BB&G Inc. was formed, it was never utilized in *any* business capacity and never held *any* assets.  It was a shell corporation but was not used by Simpson and Simmons or anyone else for anything.  According to Simpson and Simmons, BB&G LLC *always* was the entity that held the liquor license for Boulevard Bar & Grill and operated the establishment.  Therefore, this is not a case where honoring a corporate shell would promote a fraud.  This is a case where Plaintiffs simply sued the wrong entity.

Furthermore, even if Plaintiffs could show that BB&G LLC, et al., are alter egos of BB&G Inc., it would be improper to add them as judgment debtors.  In Motores de Mexicali, S.A. v. Superior Court of Los Angeles County, 51 Cal.2d 172 (1958), a judgment creditor sought to amend a default judgment by adding the names of individuals who allegedly had full control and management of the corporation against whom the judgment was entered. The California Supreme Court held that the superior court properly refused to amend the judgment, distinguishing cases where courts permitted judgment debtors to be added on the ground that these cases *did not involve a judgment entered strictly by default*.  The court explained that it would be a denial of due process to summarily add the individuals to the judgment without allowing them to litigate any questions beyond their relation to the allegedly alter ego corporation.

As in Motores, the judgment in this case was entered by default. Therefore, no defenses were asserted. BB&G LLC, San Marcos Boulevard LLC, Simpson, and Simmons had no duty to intervene because no claim was made against them personally. See Motores, 51 Cal. 2d at 176.   Although the First Amended Complaint sued the "owners," generally, neither Simpson nor Simmons were named.  Plaintiffs never amended their Complaint to

name Simpson and Simmons as individual defendants even though they had ample opportunity to do so.

Accordingly, the Court denies Plaintiffs' request to amend the judgment by adding additional judgment debtors.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to to change the name of the defaulted defendant to include (1) Boulevard Bar & Grill, LLC; (2) Jason Simmons and Henry Simpson; (3) Boulevard Bar & Grill; and (4) San Marcos Boulevard, LLC is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: July 24, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge