UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. TORRES; JARROD JENE HARSHAW and FELIX TORRES, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM B. KOLENDER, SHERIFF; SAN DIEGO PUBLIC DEFENDERS OFFICE; THE BOULEVARD BAR & GRILL, INC. AND THE OWNERS INDIVIDUALLY; DEPUTY JONATHON HINTZ, sued in official capacity and individually; DEPUTY GENERA, sued in official capacity and individually; COMMANDER CAPTAIN QUACO, sued in official capacity and individually; PUBLIC DEFENDER CINDY GRIMN, sued in official capacity and individually; and DOES 1-10,<br><br>Defendants. | Civil No. 05cv237 BTM (NLS)<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND FOR AN ORDER THAT ALL DEBTOR EXAM INTERROGATORIES BE FULLY RESPONDED TO**<br><br>[Doc. No. 167] |

Plaintiffs Michael Torres and Jarrod Harshaw filed a motion requesting that this Court set an Order to Show Cause (OSC) hearing regarding contempt against Henry Simpson and Jason Simmons, individually, for their failure to fully answer debtor exam interrogatories and for their providing allegedly perjured answers to some debtor exam interrogatories. Non-defendants The Boulevard Bar and Grill LLC (Boulevard LLC), Simpson and Simmons oppose because they are not judgment debtors. Plaintiffs only have a default judgment against a dissolved entity, The Boulevard Bar & Grill, Inc. (Boulevard Inc.). The Court **DENIES WITH PREJUDICE** plaintiffs' motion.

**Procedural History.**

In an order dated July 24, 2007 denying with prejudice plaintiffs' companion motion to change the name of the defaulted defendant (July 24 Order), Judge Moskowitz detailed the procedural history relevant to this motion. [Doc. No. 179.] This Court incorporates here by reference the procedural background layed out in the July 24 Order, and adds the following facts.

On February 14, 2007, plaintiffs applied to have the third-party Boulevard LLC, by and through its owners Simpson and Simmons, to appear for a debtor exam, or in the alternative, to change the name of the defaulted defendant. Judge Moskowitz denied the application to change the name of the defaulted defendant and referred the remaining part of the application to Judge Stormes for decision. [Doc. No. 157.] Judge Stormes ordered **only** Boulevard LLC–through Simpson and Simmons–to appear on March 27, 2007. [Doc. No. 158.] The Court did not hold the judgment debtor exam on March 27 due to Simmons being ill, and rescheduled it for April 17. [Doc. No. 161.] On April 17, no parties or counsel appeared for the exam. [Doc. No. 162.] The Court ordered the parties to contact the Court and reschedule the exam, if needed. [Doc. No. 162.] The parties never contacted the Court to reschedule.

Meanwhile, on April 12, Felix Torres–plaintiff Michael Torres' father and a dismissed plaintiff–asked the **individuals** Simpson and Simmons to answer interrogatories in lieu of appearing at the debtor exam. Pls.' Notice of Lodgment (NOL) Exs. 1-2. Instead, Simmons–on behalf of Boulevard LLC–responded to the debtor exam questions. NOL Ex. 3.

Plaintiffs, dissatisfied with the responses, filed a motion on May 22 asking the Court to set an OSC against Simpson and Simmons individually for failure to to fully respond to the interrogatories and for an order requiring them to fully respond. [Doc. No. 167.] They filed a companion motion with Judge Moskowitz asking that he change the name of the defaulted defendant to include Boulevard LLC, Simpson and Simmons individually, Boulevard Bar & Grill and San Marcos Boulevard, LLC. [Doc. No. 164.] The Court denied the motion with prejudice because plaintiffs did not show liability based on alter ego. The Court denied it on a secondary basis because even if plaintiffs had shown alter ego, the Court could not amend a judgment that was entered strictly by default. Further, plaintiffs never sought to amend the complaint, even though they had ample opportunity to do so.

/ / /

**Analysis.**

On February 23, 2007, this Court ordered only Boulevard LLC to appear for a judgment debtor examination. In lieu of appearing, plaintiffs and non-parties, without informing the Court, conducted their own judgment debtor exam through interrogatories. Plaintiffs, however, directed the interrogatories toward the individuals Simpson and Simmons. Non-party Boulevard LLC complied with the Court's February 23 Order and responded only on behalf of itself, and not on behalf of the individuals.

This Court never had jurisdiction over Simpson and Simmons individually and had never ordered them to appear on their own behalf for a judgment debtor exam. Also, Judge Moskowitz denied with prejudice plaintiffs' request to add Simpson and Simmons as judgment debtors. Therefore, the Court will not order them to appear for an OSC regarding contempt and will not order them to fully respond to any judgment debtor interrogatories.

To the extent plaintiffs seek to have Boulevard LLC–through Simpson and Simmons–appear for an OSC and be ordered to further supplement its responses to the judgment debtor interrogatories, the Court denies that request because Judge Moskowitz has made a final determination that the judgment may not be amended to add Boulevard LLC as a debtor.

For these reasons, the Court **DENIES WITH PREJUDICE** plaintiffs' motion to set an OSC against Simpson and Simmons individually regarding contempt for their failure to fully respond to debtor exam interrogatories and for allegedly providing partial or perjured responses to those interrogatories, and for an order that they fully respond to the debtor exam interrogatories.

**IT IS SO ORDERED.**

DATED: July 26, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge